DONALD and PATRICIA I. SAP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sap v. Commissioner
Docket No. 14710-79.
United States Tax Court
T.C. Memo 1981-167; 1981 Tax Ct. Memo LEXIS 576; 41 T.C.M. (CCH) 1234; T.C.M. (RIA) 81167; April 8, 1981. Donald Sap, pro se. J. Robert Cuatto, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $ 2,176 in petitioners' Federal income tax for 1977. After concessions, the only issue is whether petitioners are entitled to deduct certain entertainment and travel expenses as ordinary and necessary business expenses under section 162. [1]
FINDINGS OF FACT Petitioners, *577 Donald and Patricia I. Sap, husband and wife, were residents of Ventura, Calif., when they filed their petition in this case. Some of the facts have been stipulated and are so found. Donald Sap (hereinafter petitioner) is a long time employee of Weber & Cooper Ford Sales (Weber Ford) in Ventura, Calif. He began as a salesman and is now general manager. Customer relations are important to any sales and service business. That is especially true in Weber Ford's case. Unlike many big city car dealerships, Weber Ford must rely heavily on repeat customers since it is located in a smaller city. With that in mind, petitioner makes it a practice to entertain customers and potential customers. Such entertainment consists mostly of lunches, dinners, drinks, and Sunday fishing outings. During 1977, petitioner incurred expenses entertaining customers and thus promoting Weber Ford's business. None of those expenses were reimbursed. The only entertainment expense records kept by petitioner for 1977 are canceled checks. Those checks bear no notations of business purpose. Many of the checks are made out to "cash", while others are drawn to specific restaurants, bars, or suppliers. *578 All are dated. Many of the checks are drawn for even money amounts, such as $ 20 or $ 30, not necessarily corresponding exactly to the amount spent for entertainment. The only witness at trial other than petitioner was a salesman, Michael Roszetylo, employed as Webert Ford. Mr. Roszetylo corroborated generally that petitioner incurred customer entertainment expenses but was unable to provide any specific details. Petitioner also incurred travel expenses in connection with his employment at Weber Ford. In March 1977, he attended a British Leyland car show in Florida; [2] and, in September 1977, he attended a car auction in San Jose, Calif. Only part of his travel expenses connected with those trips was reimbursed. With respect to the Florida trip, petitioner presented a canceled check for $ 310 dated March 30, 1977, drawn to the order of "Petro Shore." Petro Shore is a travel agency, and the check was payment for petitioner's air fare to Florida. In connection with the San Jose trip, petitioner proffered a canceled check for $ 43.46 dated September 30, 1977, drawn to the order of the "San Jose Hyatt House." In his statutory *579 notice of deficiency, respondent disallowed petitioners' entire claimed deduction of $ 6,740 for entertainment and travel expenses for 1977. OPINION The only issue for decision is whether petitioners are entitled to deduct certain entertainment and travel expenses as section 162 ordinary and necessary business expenses. Respondent contends the substantiation requirements of section 274(d) have not been met, and accordingly petitioners' deductions cannot be allowed. Petitioners maintain they have met the section 274(d) requirements; and, even if they have not, the deductions should be allowed notwithstanding section 274(d). We agree with respondent except as to certain travel expenses. Section 162 provides for deduction of ordinary and necessary expenses incurred in carrying on a trade or business. However, section 274(d) limits otherwise deductible expenses for entertainment and travel to those adequately substantiated as to amount, time and place, business purpose, and, in the case of entertainment, business relationship. Two methods of substantiation are acceptable--adequate records *580 or a taxpayer's statement sufficiently corroborated by other evidence. Sec. 274(d). Substantiation by adequate records requires some record, such as a diary or a date book, kept contemporaneously with expenditures or other documentary evidence, for example, receipts, showing the required elements of amount, time and place, business purpose, and business relationship. See sec. 1.274-5(c)(2), Income Tax Regs. Petitioners have no such records with respect to either the entertainment or the travel expenses. What substantiation by "sufficient evidence corroborating his [the taxpayer's] own statement" requires has not been fully developed by case law. The cost, time, place, or date of an expenditure must be corroborated by "direct evidence," while business purpose or business relationship may be shown by "circumstantial evidence." Sec. 1.274-5(c)(3), Income Tax Regs.
With respect to petitioner's entertainment expenses, we find he has not presented *581 us with sufficient evidence to corroborate his own statements. Petitioner submitted only canceled checks drawn to cash or to various restaurants, bars, or suppliers. All the checks are dated, but petitioner admitted that many of them do not correspond exactly to the amounts spent for entertainment. Furthermore we have no idea who specifically was entertained. Petitioners have not satisfied the section 274(d) substantiation requirements as to the entertainment expenses, and those deductions must fail. However, we reach a different result as to the $ 310 spent for air fare in connection with the Florida car show and as to the $ 43.46 spent for hotel accommodations in connection with the San Jose car auction. The canceled checks are direct evidence of the amount, time, place, and date of the expenditures. Petitioner's testimony as to the business purpose of both trips is supported by circumstantial evidence relating to petitioner's position as general manager of Weber Ford and Weber Ford's business. Accordingly, the requirements of section 274(d) and section 1.274-5(c)(3), Income Tax Regs., have been met. What this case demonstrates is that what constitutes *582 adequate substantiation under section 274(d) is not always clear. Section 274(d) was enacted to prevent abuses such as taxpayers overstating the amount of their expenses. See Sanford v. Commissioner, 50 T.C. 823, 831 (1968), affd. per curiam 412 F.2d 201 (2d Cir.), cert. denied 396 U.S. 841 (1969). When presented with claimed deductions not evidencing abuse, respondent is in a position to accept a lesser, though still adequate, degree of substantiation. In fact, his own regulations provide that, when substantiation by "adequate records" is lacking, "the taxpayer may be permitted to establish [an] element by evidence which the district director shall deem adequate." Sec. 1.274-5(c)(2)(c)(v), Income Tax Regs. See also sec. 1.274-5(c)(4), Income Tax Regs. Petitioner in this case undoubtedly incurred entertainment and travel expenses directly related to his trade or business, some of which have been allowed herein. Given the multiplying number of cases being tried before this overburdened Court, *583 it is unfortunate that respondent could not see his way clear toward applying the flexibility of his own regulations in order to settle the entire case and avoid the unproductive use of time and energy in litigation that has not resolved any legal or significant factual issue. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. Weber Ford is a British Leyland dealer.↩